## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHIYODA GRAVURE, CO., LTD and CHIYODA EXPRESS CO., LTD, | : : : | CIVIL ACTION NO. 1:06-CV-0204 (Judge Conner) |
| Plaintiffs | : : | |
| v. | : : | |
| CHIYODA AMERICA, INC. and JOHN SEIJUN SATO, | : : : | |
| Defendants | : | |

### MEMORANDUM

Presently before the court is a motion (Doc. 4), filed by defendant Chiyoda America, Inc. ("Chiyoda America"), to dismiss the claims of plaintiffs Chiyoda Gravure, Co., Ltd. ("Gravure"), and Chiyoda Express Co., Ltd. ("Express") (see Doc. 1).  For the reasons that follow the motion will be granted in part and denied in part, and this case will be transferred to the United States District Court for the Eastern District of Pennsylvania.

### I.    Statement of Facts[1]

Chiyoda America is a Pennsylvania corporation with its principal place of business in Morgantown, Pennsylvania.  (Doc. 1 ¶ 4.)  John Sato ("Sato") is the

---

[1] In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in the complaint.  See FED. R. CIV. P. 12(b)(6); Empire Kosher Poultry, Inc. v. United Food & Comm'l Workers Health & Welfare Fund of N.E. Pa., 285 F. Supp. 2d 573, 577 (M.D. Pa. 2003).  The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to the reasonableness of the allegations.

president of Chiyoda America, and is a resident of Pennsylvania.  (Doc. 1 ¶¶ 1, 3).

He is a former director of Gravure and its subsidiary, Express, both Japanese

corporations with their principal places of business in Japan.  (Doc. 1 ¶¶ 1, 2, 3.)

Gravure and Express commenced the instant action against Chiyoda

America and Sato on January 26, 2006.  (Doc. 1.)  The complaint avers that

sometime prior to December 20, 2002, Sato orchestrated a series of allegedly

fraudulent transactions to obtain ownership of Chiyoda America from Gravure.

(Doc. 1 ¶¶ 8, 15.)  The complaint seeks to preserve Chiyoda America's assets

pending resolution of litigation currently underway in Japan, in which Gravure and

Express are challenging the lawfulness of the transfer.[2]  (Doc. 1 ¶¶ 7, 10.)  It requests

that the court enjoin Sato and Chiyoda America from: "selling, transferring,

disposing of or in any form encumbering the shares" of the company; merging or

consolidating the company; conducting any business other than Chiyoda America's

"normal" business; or liquidating the company or filing for its bankruptcy.  (Doc. 1

at 9-10.)  The complaint also seeks to appoint a three-person management team

over Chiyoda America, to prevent Sato or Chiyoda America from organizing or

convening any other boards, and to suspend Sato's compensation.  (Doc. 1 at 9-10.)

On March 27, 2006, Chiyoda America moved to dismiss the complaint for lack

of subject matter jurisdiction, improper venue, failure to state a claim for relief,

---

[2] That action was commenced on February 14, 2005, and seeks monetary
damages and a declaration that Gravure is the sole owner and shareholder of
Chiyoda America.  (Doc. 1 ¶¶  8, 26.)

abstention, and *forum non conveniens*.  (Doc. 2 at 1.)  The court scheduled oral

argument on the motion for June 23, 2006.  (Doc. 16.)  The parties later agreed to

move the hearing to July 6, 2006.  (Doc. 27.)  Following oral argument the parties

filed supplemental briefs (Docs. 29, 30), and the motion to dismiss is now ripe for

disposition.

## II.   <u>Standard of Review</u>

Federal Rule of Civil Procedure 12(b) enumerates several potential bases for

dismissal of an action:  lack of subject matter jurisdiction, lack of personal

jurisdiction, improper venue, insufficiency of process or service of process, failure

to state a claim upon which relief may be granted, and failure to join an

indispensable party.  FED. R. CIV. P 12(b).  When a motion is premised on both lack

of subject matter jurisdiction and another Rule 12(b) ground, mootness concerns

dictate that the court address the issue of jurisdiction first.  <u>See</u> <u>Tolan v. United</u>

<u>States</u>, 176 F.R.D. 507, 509 (E.D. Pa. 1998).

Motions under subsection (b)(1), asserting lack of subject matter jurisdiction,

take one of two forms.  Parties may levy a "factual" attack, arguing that, although

the pleadings facially satisfy jurisdictional prerequisites, one or more of the

allegations is untrue, rendering the controversy outside of the court's jurisdiction.

<u>Id.</u>; <u>see also</u> <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir.

1977).  In such circumstances, the court is both authorized and required to evaluate

the merits of the disputed allegations because "the trial court's . . . very power to

3

hear the case" is at issue.  Id.; Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc.,
227 F.3d 62, 69 (3d Cir. 2000).

In contrast, a "facial" attack assumes the veracity of the allegations in the
complaint but argues that the pleadings fail to present an action within the court's
jurisdiction.  Tolan, 176 F.R.D. at 510.  The court should grant such a motion only if
it appears with certainty that assertion of jurisdiction would be improper.  Id.;
Carpet Group, 227 F.3d at 69.  If the complaint is merely deficient as pleaded, the
court should grant leave to amend before dismissal with prejudice.  See Shane v.
Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

In the present case, defendant's motion presents both factual and facial
challenges to subject matter jurisdiction under subsection (b)(1), and a challenge to
venue under subsection (b)(3).  Although the court finds that it has subject matter
jurisdiction, it also finds that venue is inappropriate.  Therefore, the court will
transfer this case to the appropriate forum without deciding the issues of abstention
or *forum non conveniens*.[3]

## III.   Discussion

### A.   Subject Matter Jurisdiction

Article III of the Constitution requires the existence of an active case or
controversy before a matter may be presented to a federal court.  See Presbytery of

---

[3] The court will also defer a ruling on Sato's motion to dismiss for
insufficiency of service (Doc. 36).  Cf. Sidari v. Caeser's Pocono Resorts, 29 F. App'x.
845, 847 (3d Cir. 2002) ("[A] transfer for improper venue . . . [is] possible even in the
absence of personal jurisdiction.").

N.J. of Orthodox Presbyterian Church v. Florio, 40 F.3d 1454, 1462 (3d Cir. 1994);

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); see also U.S. CONST. art. III

§ 2; Danvers Motor Co., Inc. v. Ford Motor Co., 432 F.3d 286, 291 (3d Cir. 2005) ("By

ensuring that litigants present actual cases and controversies, [Article III] keeps the

judicial branch from encroaching on legislative prerogatives, thereby preserving

the separation of powers.").  Standing and ripeness are components of the case or

controversy requirement.  Presbytery of N.J., 40 F.3d at 1462; Taliaferro v. Darby

Twp. Zoning Bd., __ F.3d __, 2006 WL 2294839, at *4 (3d Cir. 2006); Joint Stock

Soc'y v. UDV N. Am., Inc., 266 F.3d 164, 174 (3d Cir. 2001); In re GI Holdings, Inc.,

122 F. App'x 554, 556 (3d Cir. 2004).  "[Ripeness] tells us when a proper party may

bring an action and . . . standing tells us who may bring the action."  Presbytery of

N.J., 40 F.3d at 1462.

    1.   **Standing**

"Absent Article III standing, a federal court does not have subject matter

jurisdiction to address a plaintiff's claims, and they must be dismissed."  Taliaferro,

2006 WL 2294839, at *4; ACLU-NJ v. Twp. of Wall, 246 F.3d 258, 261 (3d Cir. 2001).

To establish standing, a plaintiff must demonstrate (1) an injury-in-fact, (2) a causal

connection between the injury and the defendant's conduct, and (3) that it is likely,

rather than speculative, that a favorable judicial determination will redress the

injury.  Khodara Env't, Inc. v. Blakely, 376 F.3d 187, 193 (3d Cir. 2004);  Danvers, 432

F.3d at 291; Taliaferro, 2006 WL 2294839, at *4.  An injury-in-fact is a harm that is

both "concrete and particularized" and "actual or imminent."  Danvers, 432 F.3d at

5

291.  A "causal connection" means that the injury is "fairly traceable to the
challenged action of the defendant and not the result of the independent action of
some third party not before the court.  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555,
560 (1992).  Pleading general factual allegations of injury resulting from the
defendant's conduct will suffice to defeat a motion to dismiss, as it is "presume[d]
that general allegations embrace those specific facts that are necessary to support
the claim."  <u>Lujan v. Nat'l Wildlife Fed'n</u>, 497 U.S. 871, 889 (1990).  Accordingly, a
plaintiff must merely plead that he or she suffered some concrete form of harm
because of the defendant's actions.  <u>Danvers</u>, 432 F.3d at 292; <u>see also</u> <u>Bowman v.
Wilson</u>, 672 F.2d 1145, 1151 (3d Cir. 1982) ("The contours of the injury-in-fact
requirement . . . are very generous, requiring only that the plaintiff allege some
specific, identifiable trifle of injury.").

In the matter *sub judice*, the complaint avers sufficient facts for Gravure's
standing.  It alleges that Gravure suffered an injury-in-fact when it lost ownership
of Chiyoda America.  <u>See</u> <u>Danvers</u>, 432 F.3d at 293 (stating that loss of control of a
business is a form of harm); <u>see also</u> <u>id.</u> ("Monetary harm is a classic form of injury-
in-fact.").  It alleges that the injury was caused by a series of illegal transactions
orchestrated by Sato while serving as a director of Chiyoda America.  Finally, a
favorable judicial determination would restore ownership of Chiyoda America to

6

Gravure and presumably compensate Gravure for any of the losses that it incurred. Accordingly, Gravure has standing to pursue these claims.[4]

With respect to Express, however, the complaint does not aver that Express incurred an injury-in-fact.  Although it alleges that Express is a subsidiary of Gravure, it "cannot rest [its] claim to relief on the legal rights or interests of third parties."  Sec'y of State of Md. v. Joseph H. Munson Co., 467 U.S. 947, 955 (1984). Accordingly, the motion to dismiss claims brought by Express will be granted.

> ### 2. **Ripeness**

Ripeness prevents courts from "entangling themselves in abstract disagreements."  Abbot Labs. v. Gardner, 387 U.S. 136, 148 (1967).  The doctrine requires a "real, substantial controversy between parties involving a dispute definite and concrete."  Peachlum v. City of York, 333 F.3d 429, 434 (3d Cir. 2003) (citation omitted).  A dispute is not ripe if it rests upon contingent future events that may not occur.  Wyatt, V.I., Inc. v. Gov't of Virgin Islands, 385 F.3d 801, 806 (3d Cir. 2004).  To determine whether a controversy is ripe, a court must examine (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration.[5]  Khodara, 376 F.3d at 196.

---

[4] Resolution of this issue also resolves defendant's objection pursuant to Rule 12(b)(6) for failure to state a claim.  See Fed. R. Civ. P. 12(b)(6).

[5] The test for ripeness is different in a declaratory judgment action because, typically, the injury has already occurred.  See Khodara, 376 F.3d at 196.  As defendant acknowledges, the complaint does not seek declaratory relief.  (See Doc. 4 at 5, 10.)

In the instant matter, the court finds that the issues presented in the complaint are ripe.  The controversy involves a series of transactions that have already taken place and are appropriate for judicial review.  Although Chiyoda America argues that it is "speculative" whether a Japanese court will find in Gravure's favor, the Third Circuit has approved the use of "freeze orders" in cases where the legality of a transfer of assets is in question.[6]  See Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186 (3d Cir. 1990); Elliott v. Kiesewetter, 98 F.3d 47 (3d Cir. 1996).  The relief sought is in the form of an order directing the preservation of assets allegedly fraudulently transferred by Chiyoda America.  Accordingly, whether a freeze order should issue is a matter ripe for determination.

**B.    Venue**

Venue is a "limitation on the exercise of that power relating to the locality" of a case.  Fed. Dep. Ins. Corp. v. Greenberg, 487 F.2d 9, 12 (3d Cir. 1973).  A challenge to venue is distinguishable from a challenge to subject matter jurisdiction; the latter questions the court's authority to decide the case, while the former "relates to the convenience of the litigants."  Myers v. Am. Dental Ass'n, 695 F.2d 716, 725 n.7 (3d Cir. 1982).  The burden of proof is on the party challenging venue.  See Myers v. Am. Dental Ass'n, 695 F.2d 716, 724-25 (3d Cir. 1982);  see also McCracken v. Murphy, 328 F. Supp. 2d 530, 532-35 (E.D. Pa. 2004).  "All well-pleaded allegations in

---

[6] The court will not review the likelihood of plaintiff's success on the merits of the Japanese litigation, as must be evaluated for the injunction to issue.  See Hoxworth, 903 F.2d at 199-205.

the complaint bearing on the venue question generally are taken as true, unless contradicted by the defendant's affidavits." 5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1352, at 319 (3d ed. 1998).

When based on diversity, an action may be brought in a district "where any defendant resides," where "a substantial part of the events or omissions giving rise to the claim occurred," or in a district "in which any defendant is subject to personal jurisdiction" at the time of suit. 28 U.S.C. § 1391(a). With respect to a corporate defendant in a multi-district state, it is "deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate Sate." 28 U.S.C. § 13914(c).

In the matter *sub judice*, Chiyoda America has established that venue is not proper in this district. Indeed, the pleading and undisputed affidavits of record clearly demonstrate that venue lies properly in the Eastern District. Chiyoda America's principal place of business is in the Eastern District. (Doc. 1 ¶ 4; Doc. 4, Ex. B ¶ 3.) It regularly conducts business from the Eastern District. (Doc. 4, Ex. B ¶ 3.) It does not own any property in the Middle District. (Doc. 4, Ex. B ¶ 6.) It does not have any offices in the Middle District. (Doc. 4, Ex. B ¶ 5.) It does not have a registered agent, mailing address, or business or telephone listing in the Middle District. (Doc. 4, Ex. B ¶ 5.) It does not have any employees or sales representatives in the Middle District. (Doc. 4, Ex. B ¶ 5.) And, Sato also resides within the Eastern District. (Doc. 4, Ex. B ¶ 2.) Accordingly, the court will transfer this case to the

9

United States District Court for the Eastern District of Pennsylvania.  <u>See</u> 28 U.S.C.

§ 1406(a).

IV.    <u>Conclusion</u>

Gravure has presented an active case or controversy sufficient to invoke

federal jurisdiction, hence the court will deny Chiyoda America's motion to dismiss

the complaint with respect to Gravure.  As the complaint does not aver any harm or

causal connection to Express, the court will grant Chiyoda America's motion to

dismiss those claims brought by Express.  Finally, venue is inappropriate in the

Middle District, and the court will transfer this case to the appropriate forum.

An appropriate order will issue.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Date:        August 29, 2006

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHIYODA GRAVURE, CO., LTD and** | : | **CIVIL ACTION NO. 1:06-CV-0204** |
| **CHIYODA EXPRESS CO., LTD,** | : | |
| | : | **(Judge Conner)** |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CHIYODA AMERICA, INC. and JOHN** | : | |
| **SEIJUN SATO,** | : | |
| | : | |
| **Defendants** | : | |

**ORDER**

AND NOW, this 29th day of August, 2006, upon consideration of the motion

to dismiss (Doc. 4), and for the reasons set forth in the accompanying

memorandum, it is hereby ORDERED that:

1.  The motion to dismiss (Doc. 4) is GRANTED to the extent that all
    claims by plaintiff Chiyoda Express Co., Ltd., are DISMISSED without
    prejudice.

2.  The motion to dismiss (Doc. 4) for lack of subject matter jurisdiction,
    improper venue, and for failure to state a claim for relief is DENIED.

3.  The Clerk of Court is directed to TRANSFER this case to the United
    States District Court for the Eastern District of Pennsylvania.[7] See 28
    U.S.C. § 1406(a).

  S/ Christopher C. Conner

CHRISTOPHER C. CONNER
United States District Judge

---

[7] A ruling on the motion to dismiss (Doc. 4) for abstention and *forum non
conveniens* is deferred to the United States District Court for the Eastern District of
Pennsylvania.